UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| FYNEFACE N. AMECHI, | § | |
|     *Petitioner*, | § | |
| | § | |
| vs. | § | CIVIL ACTION H-06-0796 |
| | § | |
| DOUGLAS DRETKE, | § | |
|     Director of the Texas Department | § | |
|     of Criminal Justice - Correctional | § | |
|     Institutions Division, | § | |
|     *Respondent*. | § | |

## ORDER

Fyneface N. Amechi's motion to proceed *in forma pauperis* (Dkt. 4) is denied as moot, as the petitioner has subsequently paid the required fee.

Amechi's motion for appointment of counsel (Dkt. 5) is also denied. There is no right to counsel in a post-conviction habeas proceeding, unless an evidentiary hearing is required. *Irving v. Hargett*, 59 F.3d 23, 26 (5th Cir. 1995); *Norris v. Wainwright*, 588 F.2d 130, 133 (5th Cir. 1979). A court, in its discretion, may appoint counsel "for any financially eligible person who ... is seeking relief under section 2241, 2254, or 2255 of title 28" if "the interests of justice so require." 18 U.S.C. § 3006A(a)(2). Where the legal principles governing the issues presented in a habeas petition are settled and supplemental briefing by counsel would not assist the court and would be an inefficient use of judicial resources, appointment of counsel is not deemed to be in the interests of justice. *See Self v. Blackburn*, 751 F.2d 789, 793 (5th Cir. 1985). Amechi has filed a successive petition without authorization of the Fifth Circuit Court of Appeals as required by 28 U.S.C. § 2244(b)(3)(A).

Therefore, the interests of justice do not require the appointment of counsel.

Signed on April 20, 2006, at Houston, Texas.

*Stephen Wm Smith*
Stephen Wm Smith
United States Magistrate Judge